857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy HAYSE, Plaintiff-Appellant,
v.
Glen WOODS & Marshal McKiney, Defendants-Appellees.
 No. 87-5103.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the plaintiff proceeding pro se from judgment of the district court dismissing his action brought under 42 U.S.C. Sec. 1983. After examination of the record on appeal and the plaintiff's brief, this court is unanimously of the opinion that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly, the case is submitted for decision.
 
 
 2
 The plaintiff was involved with others in the theft of cattle which were moved from Kentucky to Indiana where they were sold. At the time of the plaintiff's arrest, the defendant Woods, the arresting officer, took money from the plaintiff. In addition to proceeds from the sale of the stolen cattle, some of the money taken by Woods was owned by the plaintiff prior to the theft. This money was not returned to the plaintiff.
 
 
 3
 One claim asserted by the plaintiff in this action is for damages for confiscation of this money. As the magistrate held, there is no right of action under section 1983 for the deprivation of this property without due process of law because there is available in the state courts of Kentucky an adequate remedy. Parratt v. Taylor, 451 U.S. 527 (1981); Wagner v. Higgins, 754 F.2d 186, 191-92 (6th Cir.1985).
 
 
 4
 The second claim contained in the plaintiff's complaint is to the effect that his arrest and subsequent conviction for theft were products of an illegal entrapment scheme on the part of the defendants. As such, that claim is in actuality a challenge to the validity of his conviction and therefore must be pursued by means of a petition for a writ of habeas corpus. A party may not base an action under 42 U.S.C. Sec. 1983 upon such a claim unless that claim has first been vindicated in a habeas corpus proceeding. There is no allegation that the plaintiff has been granted habeas corpus relief on his claim of entrapment, and thus, his complaint fails to state a claim for which relief may be granted.
 
 
 5
 The judgment of the district court is affirmed.